IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **EVERGREEN LUMBER & TRUSS, INC.** § | | **PLAINTIFF** |
| § | | |
| § | | |
| **v.** § | Civil No. 1:12CV264-HSO-RHW | |
| § | | |
| § | | |
| **CERTAINTEED CORPORATION,** *et al.* § | | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT, AND DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

BEFORE THE COURT are a Motion for Summary Judgment [96] filed by Defendant CertainTeed Corporation on July 18, 2013, and a Motion for Partial Summary Judgment [98] filed by Plaintiff Evergreen Lumber & Truss, Inc., on July 19, 2013.  Both Motions are now fully briefed.  After due consideration of the record, the submissions on file, and relevant legal authorities, the Court finds that Defendant's Motion for Summary Judgment [96] should be granted in part and denied in part and that Plaintiff's Motion for Partial Summary Judgment [98] should be denied.  Plaintiff's equitable estoppel claim will be dismissed with prejudice.

I.  PROCEDURAL HISTORY

In January 2008, Plaintiff Evergreen Lumber & Truss, Inc. ["Evergreen"], subcontracted with a general contractor, Debcon, Inc. ["Debcon"], to supply labor and materials for the construction of military housing at the United States Navy

Seabee Base in Gulfport, Mississippi.  Compl. [1] at 2; Subcontract [1-2] at 1–12.[1]
Evergreen was to perform work including installation of siding and trim on the housing units.  Subcontract [1-2] at 1, 6–7.  According to the Complaint, around September 2010 Evergreen became aware of cracks and other defects developing in the installed siding.  The siding was manufactured by Defendant CertainTeed Corporation ["CertainTeed"] and carried a warranty.  Compl. [1] at 2.  Evergreen filed a warranty claim with CertainTeed.  *Id.*

Evergreen alleges that CertainTeed sent a field representative to inspect the housing and defective materials on December 7, 2010, and that the inspection was performed in the presence of representatives of Evergreen and Debcon.  *Id.* at 3.  Evergreen maintains that following the investigation, in early December 2010 CertainTeed awarded the work on the warranty claim to Evergreen.  *Id.*  Evergreen claims that after Debcon learned of a "sizable labor payment in excess of $256,000.00" to be made by CertainTeed to Evergreen to perform the warranty work, Debcon contacted CertainTeed directly and initiated an effort to secure the work.  *Id.*  Evergreen asserts that Debcon made certain misrepresentations to CertainTeed in order to secure the warranty work.  *Id.* at 4–5.  After a site visit by a different CertainTeed representative on February 8, 2011, of which Evergreen says it had no contemporaneous knowledge, Debcon allegedly "struck a final deal" with CertainTeed to perform the warranty work.  *Id.* at 5.  Evergreen claims that Debcon

---

[1]The Court will reference its own CM/ECF generated page numbers when citing to the record.

subsequently billed CertainTeed almost $400,000.00 for the warranty work and earned a significant profit on the job. *Id.* at 6.

Evergreen filed its Complaint [1] against CertainTeed and other Defendants on August 24, 2012, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Id.* at 2. The Complaint originally advanced claims against CertainTeed for breach of contact, intentional breach of contract, breach of express warranty, breach of implied warranty, civil conspiracy, and equitable estoppel. *Id.* at 8–10. A Judgment [84] and an Agreed Order [85] were entered on April 3 and 4, 2013, dismissing all other named Defendants, leaving CertainTeed as the sole Defendant in this case. The Agreed Order [85] also dismissed with prejudice Evergreen's claims against CertainTeed for breach of express and implied warranties and civil conspiracy. Evergreen's remaining claims against CertainTeed are for breach of contract, intentional breach of contract, and equitable estoppel.

CertainTeed has filed a Motion for Summary Judgment [96] seeking dismissal of Evergreen's remaining claims. Evergreen has filed a Motion for Partial Summary Judgment [98] asking the Court to grant summary judgment in its favor on its contract claims.

## II. DISCUSSION

A. Legal Standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R.

C<small>IV</small>. P. 56(a).  "There is no genuine dispute if the record, taken as a whole, could not lead a rational trier-of-fact to find for the non-moving party."  *Kariuki v. Tarango*, 709 F.3d 495, 501 (5th Cir. 2013) (citation omitted).  To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact.  *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).  In deciding whether summary judgment is appropriate, the Court "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party."  *Total E&P USA Inc. v. Kerr-McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted).

B.   Applicable Substantive Law

The Court has jurisdiction over this matter pursuant to diversity of citizenship under 28 U.S.C. § 1332.  "Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law."  *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  When sitting in diversity, courts usually apply the forum state's substantive law.  *See, e.g., Truong v. Bank of America, N.A.*, 717 F.3d 377, 382 (5th Cir. 2013).  The Court applies Mississippi substantive law in resolving the present Motions.

C. Evergreen's Claims

 1. Contract Claims

In order to establish an intentional breach of contract, a plaintiff must first demonstrate a breach of contract. *Brown v. Anderson*, 80 So. 3d 878, 881 (Miss. Ct. App. 2012) (tortious breach of contract). In order to prove a breach of contract, a plaintiff has the burden to prove by a preponderance of the evidence: (1) the existence of a valid and binding contract; and (2) that the defendant has broken or breached it. *Bus. Commc'ns, Inc. v. Banks*, 90 So. 3d 1221, 1224–25 (Miss. 2012). The elements of a valid contract are: (1) two or more contracting parties; (2) consideration; (3) an agreement that is sufficiently definite; (4) parties with the legal capacity to make a contract; (5) mutual assent; and (6) no legal prohibition precluding contract formation. *Rotenberry v. Hooker*, 864 So. 2d 266, 270 (Miss. 2003) (quotation omitted). Generally, "[t]he existence of a contract and its terms are questions of fact to be resolved by the fact-finder . . . ." *Wells v. Price*, 102 So. 3d 1250, 1256 (Miss. Ct. App. 2012) (quoting *Anderson v. Kimbrough*, 741 So. 2d 1041, 1045 (Miss. Ct. App. 1999)).

CertainTeed maintains that no valid and binding contract existed between it and Evergreen because "elements one, two, and/or five are lacking." Reply [102] at 2. CertainTeed maintains that it could not form a valid and binding contract with Evergreen to repair the siding without the Navy's consent, that there was no consideration, and that there was no "meeting of the minds." Def.'s Mem. [97] at 8–11. CertainTeed maintains that the primary issues for the Court's determination

are whether the Navy's consent was required, and if so, whether the Navy ever provided such consent. Reply [102] at 2. CertainTeed argues in the alternative that even if a binding contract existed, CertainTeed did not breach it. Def.'s Mem. [97] at 11.

Evergreen counters that because there is a factual dispute concerning the existence of a contract, summary judgment should be denied. Pl.'s Mem. [101] at 5–6. On the other hand, Evergreen asserts in its Response to CertainTeed's Motion that there is "sufficient evidence to establish that a valid and binding contract was formed under Mississippi law." *Id.* at 6. Evergreen similarly argues in support of its own Motion [98] that a valid contract existed between it and CertainTeed. Pl.'s Mem. [99] at 5–8. Evergreen relies upon December 8 and 16, 2010, letters from CertainTeed to Evergreen and a W-9 tax form Evergreen provided to CertainTeed. *Id.* at 7; *see also* Aff. of Tom Oldweiler [98-2] at 3. Evergreen maintains that CertainTeed breached the contract by shifting the warranty work from Evergreen to Debcon. Pl.'s Mem. [99] at 8–9; Pl.'s Mem. [101] at 10–12.

In this case, there is no single document signed by both parties which constitutes a "contract." "Whether an unsigned writing constitutes a binding contract depends upon the intention of the parties." *Turney v. Marion County Bd. of Educ.*, 481 So. 2d 770, 774 (Miss. 1985) (citation omitted). The fact finder must assess and determine the intent of the parties to consider whether an unsigned writing constitutes a binding contract. *See, e.g., Fischbach and Moore, Inc. v. Cajun Elec. Power Co-op., Inc.*, 799 F.2d 194, 197 (5th Cir. 1986) (summary judgment is

not appropriate when a contract is ambiguous and the parties' intent presents a genuine dispute of material fact). Whether a binding contract existed between Evergreen and CertainTeed presents a question of fact for the jury. Summary judgment would not be appropriate in either party's favor on Evergreen's contract claims.

As the Court appreciates it, CertainTeed's position is also that approval by the Navy, as owner of the project, of Evergreen performing the warranty work was a condition precedent to the creation of a binding contract between CertainTeed and Evergreen, and that the Navy's approval was never obtained. "A condition precedent has been defined as a condition which must be performed before the agreement of the parties shall become a binding contract or . . . a condition which must be fulfilled before the duty to perform an existing contract arises." *Turnbough v. Steere Broad. Corp.*, 681 So. 2d 1325, 1327 (Miss. 1996) (quotation omitted).

It is beyond dispute that CertainTeed's warranty inured solely to the benefit of the property owner, the Navy. Warranty [96-1] at 3–4. There is evidence in the record that CertainTeed had an internal policy of dealing with a property owner and the owner's general contractor when faced with a warranty claim because the owner must approve completion of the warranty work and final payment. Dep. of Don Cole [98-7] at 28; Aff. of Don R. Cole [68-1] at 3. In his Affidavit submitted in relation to an earlier Motion [68] in this case, Mr. Cole states that "CertainTeed would not have dealt directly with Evergreen had we known that Evergreen was not the general contractor." Aff. of Don R. Cole [68-1] at 2. Mr. Cole has testified

that, with approval of the Navy, CertainTeed could have dealt directly with Evergreen. Dep. of Don Cole [98-7] at 22. However, the Navy decided to use Debcon, the general contractor, to perform the warranty work. *Id.* at 25. "As CertainTeed's authorized representative, [Cole] approved Debcon for performing the warranty labor." Aff. of Don R. Cole [68-1] at 3.

There is evidence of record that as of January 13, 2011, after the December 8 and 16, 2010, letters from CertainTeed to Evergreen on which Evergreen relies to support its contract claims, Mike Mosley from Evergreen was seeking "coordination/ information/clearance/approval, as necessary and appropriate, from NCBC,[2] to authorize [Evergreen] to begin the warranty repairs." Mosley E-Mail [96-7] at 2. This arguably supports the inference that Evergreen recognized that the Navy's approval was a prerequisite to Evergreen's performance of the CertainTeed warranty work.

However, CertainTeed has not pointed to any authority, contractual provision, or other evidence which affirmatively demonstrates that the Navy's approval was a condition precedent to a contract with Evergreen to perform the warranty work. While there may be no factual dispute that the Navy never consented to Evergreen performing the work,[3] CertainTeed has not carried its

---

[2]NCBC stands for Naval Construction Battalion Center, the naval base where the housing at issue in this case was located.

[3]No evidence has been presented that the Navy ever approved Evergreen to perform the warranty work. Every indication in the record is that the Navy desired that Debcon as general contractor address any issues with the housing construction. *See, e.g.,* Commander Knudsen E-Mail to Evergreen [96-9] at 2 ("Please take into consideration that the Government has a contract with Debcon and [Gill] will have to work through them to work

initial summary judgment burden of demonstrating that the Navy's approval was a condition precedent to an alleged contract with Evergreen to perform the warranty work.  For this reason as well, summary judgment is not appropriate on Evergreen's contract claims.

    2.    <u>Equitable Estoppel Claim</u>

CertainTeed maintains that Evergreen's purported equitable estoppel claim should be dismissed because it is not a "recognizable independent cause of action in Mississippi." Def.'s Mem. [97] at 11.  Rather, it is a defense.  *Id.*  Even if equitable estoppel were a valid claim, CertainTeed asserts that Evergreen cannot demonstrate its essential elements.  *Id.* at 12–13.

In its Response [100], Evergreen contends that "[t]hroughout the warranty process CertainTeed has taken numerous inconsistent positions, which are barred and recoverable [sic] under the doctrine of equitable estoppel." Pl.'s Resp. [100] at 3.  Evergreen maintains that "[w]hile estoppel may not be a cause of action, it is a doctrine which can be asserted as a remedy for inconsistent positions taken by a Defendant." Pl.'s Mem. [101] at 13 (citing *T.C.B. Const. Co., Inc. v. W.C. Fore Trucking, Inc.*, 2012 WL 2106368 (Miss. Ct. App. June 12, 2012), *aff'd in part and rev'd in part*, 2013 WL 718628 (Miss. Feb. 28, 2013)).

Estoppel is an affirmative defense.  Fed. R. Civ. P. 8(c)(1).  Mississippi courts have applied equitable estoppel to bar an assertion of the statute of limitations

---

with you to resolve any outstanding issues."); Cathy Gill E-Mail [96-10] at 2 ("Mr. Osborne assured me that Debcon Inc, prime contractor for this contract, is aware of your concerns and making every effort to resolve them.").

defense, *see, e.g., McCrary v. City of Biloxi*, 757 So. 2d 978 (Miss. 2000), and to estop a non-signatory to an agreement from asserting that the lack of his signature on the agreement with an arbitration provision precluded enforcement of the arbitration clause, *see, e.g., Terminix Int'l, Inc. v. Rice*, 904 So. 2d 1051, 1058 (Miss. 2004). The Mississippi Supreme Court has described equitable estoppel as a "shield and not a sword." *Long Meadow Homeowners' Ass'n, Inc. v. Harland*, 89 So. 3d 573, 577 (Miss. 2012) (quotation omitted). Evergreen has cited no binding authority where a plaintiff has recovered damages under an equitable estoppel cause of action. Evergreen appears to recognize in its Memorandum in Response [101] to CertainTeed's Motion that "estoppel may not be a cause of action . . . ." Pl.'s Mem. [101] at 4, 13. To the extent that Evergreen asserts equitable estoppel as a cause of action in its Complaint, CertainTeed is entitled to judgment as a matter of law on this claim.

### III. CONCLUSION

Summary judgment is appropriate on Plaintiff's equitable estoppel claim but not on its contract claims. To the extent the Court has not addressed any of the parties' arguments, it has nevertheless considered them and determined that they would not alter the result. Defendant's Motion for Summary Judgment [96] will be granted in part and denied in part, and Plaintiff's Motion for Partial Summary Judgment [98] will be denied. Plaintiff's equitable estoppel claim will be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons

more fully stated herein, the Motion for Summary Judgment [96] filed by Defendant CertainTeed Corporation is **GRANTED IN PART and DENIED IN PART**, and Plaintiff's equitable estoppel claim is **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, the Motion for Partial Summary Judgment [98] filed by Plaintiff Evergreen Lumber & Truss, Inc., is **DENIED**. Plaintiff's claims against CertainTeed for breach of contract and intentional breach of contract will proceed to trial.

**SO ORDERED AND ADJUDGED**, this the 29th day of October, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE